# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

## NO. 22-30633

_____

### UNITED STATES OF AMERICA

Plaintiff-Appellee,

v.

### MONTRELLE D. JONES

Defendant-Appellant

_____

## CRIMINAL APPEAL FROM THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

_____

## ORIGINAL BRIEF FOR THE APPELLANT
## MONTRELLE D. JONES

_____

REBECCA L. HUDSMITH,
Federal Public Defender
Western & Middle Districts of Louisiana

Betty L. Marak, La. Bar Roll No. 18640
Assistant Federal Public Defender
Western and Middle Districts of Louisiana
300 Fannin Street, Suite 2199
Shreveport, Louisiana 71101
(318) 676-3310   Fax: (318) 676-3313
E-mail: betty_marak@fd.org

Counsel for Defendant-Appellant

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

NO.  22-30633

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MONTRELLE D. JONES

Defendant - Appellant

_____

**CERTIFICATE OF INTERESTED PERSONS**

_____

Pursuant to Fifth Circuit Rule 28.2.1, the undersigned counsel of record certifies that the following persons have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**<u>Defendant - Appellant</u>:**

Montrelle D. Jones
Ouachita Parish Correctional Facility
4801 Highway 165 Bypass
Monroe, LA  71202

**<u>Attorney for Appellant</u>:**

Betty L. Marak, Assistant Federal Public Defender

**<u>Attorney for Appellee</u>:**

Camille Domingue, Assistant U.S. Attorney

Shreveport, Louisiana, this 3rd day of January, 2023.

*s/ Betty L. Marak*

Betty L. Marak, LSBA #18640
Assistant Federal Public Defender
Western and Middle Districts of Louisiana
300 Fannin Street, Ste. 2199
Shreveport, Louisiana 71111
(318) 676-3310   Fax: (318) 676-3313
E-mail: betty_marak@fd.org

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Local Rule 28.2.4, oral argument is not requested.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................................i

STATEMENT REGARDING ORAL ARGUMENT ............................................ iii

TABLE OF CONTENTS ........................................................................................iv

TABLE OF AUTHORITIES ..................................................................................vi

STATEMENT OF JURISDICTION ........................................................................1

ISSUE PRESENTED FOR REVIEW ......................................................................2

STATEMENT OF THE CASE ................................................................................3

SUMMARY OF ARGUMENT ...............................................................................6

ARGUMENT ..........................................................................................................7

    **I.  The district court abused its discretion when it imposed**
    **an upward departure which resulted in a total sentence of**
    **78 months of imprisonment.** ...................................................................7

    A.  Standard of Review............................................................................7

    B.  Discussion ..........................................................................................7

    **II.  The district court plainly erred by imposing a condition**
    **of supervised release which requires Jones to participate in**
    **an out-patient substance abuse treatment program and**
    **drug testing while on supervised release.** ............................................9

    A. Standard of Review............................................................................9

    B.  Discussion .......................................................................................10

CONCLUSION ...................................................................................................12

CERTIFICATE OF SERVICE ...........................................................................13

CERTIFICATE OF COMPLIANCE ..................................................................14

# TABLE OF AUTHORITIES

## Statutory Authority

18 U.S.C. § 922(g)(8)...........................................................................1, 4

18 U.S.C. § 922(q)(2)(A)....................................................................1, 4

18 U.S.C. § 3231.....................................................................................1

18 U.S.C. § 3553(a)........................................................................7, 9, 10

18 U.S.C. § 3583(d)..............................................................................10

18 U.S.C. § 3742.....................................................................................1

28 U.S.C. § 1291.....................................................................................1

Fed. R. App. Proc. 4(b)(1)(A)(i) ............................................................1

USSG § 5D1.3(d)............................................................................10, 11

USSG § 2K2.1(a)(4)(B)...........................................................................4

USSG § 2K2.1(b)(6)(B)...........................................................................4

USSG § 5K2.6..........................................................................................5

USSG § 5K2.14....................................................................................5, 6

USSG § 3E1.1...........................................................................................4

USSG § 4A1.3.......................................................................................5, 6

## <u>Jurisprudential Authority</u>

*Gall v. United States,* 128 S.Ct. 586 (2007) ...........................................................7, 8

*United States v. Bishop*, 603 F.3d 279, 280 (5th Cir. 2010)....................................9

*United States v. Gordon*, 838 F.3d 597 (5th Cir. 2016)...........................................11

*United States v. Mondragon-Santiago*, 564 F.3d 357 (5th Cir. 2009) .....................7

*United States v. Paul*, 274 F.3d 155 (5th Cir. 2001) ...............................................10

*United States v. Prieto*, 801 F.3d 547 (5th Cir. 2015)..............................................9

*United States v. Rodriguez*, 558 F.3d 408 (5th Cir.2009).........................................9

*United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) ...................7, 9

## STATEMENT OF JURISDICTION

This matter originated in the United States District Court for the Western District of Louisiana.  The district court's jurisdiction arose under 18 U.S.C. § 3231, since the Government prosecuted Montrelle D. Jones for a violation of federal criminal law, to wit:  possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(8) and possession of a firearm in a school zone in violation of 18 U.S.C. § 922(q)(2)(A).  ROA.11. This appeal is from a final judgment of the United States District Court entered on the docket on September 15, 2022.  ROA.6, 51.  On September 30, 2022, Jones filed a motion to extend the time to file a notice of appeal under Fed. R. App. Proc. 4(b)(1)(A)(i), which the district court granted.  ROA.57-60.  Subsequently, Jones filed a timely notice of appeal on October 3, 2022.  ROA.61.

This is the direct appeal of Jones' conviction and sentence. As such, jurisdiction to review the conviction and sentence is provided by 28 U.S.C. §1291 and 18 U.S.C. §3742.

## ISSUES PRESENTED FOR REVIEW

I.  Whether the district court abused its discretion when it imposed an upward departure resulting in a total sentence of 78 months?

II.  Whether the district court plainly erred by imposing a condition of supervised release which requires Jones to participate in an out-patient substance abuse treatment program and drug testing while on supervised release?

## STATEMENT OF THE CASE

Montrelle D. Jones was the subject of a court order issued by the 4th Judicial District of Louisiana on June 25, 2021, that was issued after a hearing of which he received actual notice, and at which he had an opportunity to participate. ROA.109. The order restrained him from harassing, stalking, or threatening an intimate dating partner. ROA.109. It included a finding that Jones was a credible threat to the physical safety of his partner. ROA.109.

On January 14, 2022, an off-duty police officer was working security at the Neville High School basketball game on the Neville High School campus in Monroe, Louisiana. ROA.109. Near the end of the game, the officer became aware that a group of individuals were fighting outside in the front of the gym. ROA.109. The officer went outside to break up the fight when he observed a large group of individuals gathering in the foyer of the gym. ROA.109. He immediately went inside the foyer and observed Jones lift up his shirt with his left hand and observed a Glock style handgun with an extended magazine secured in Jones' waistband. ROA.109. The officer immediately went to Jones, seized the weapon and took Jones into custody. ROA.109-110.

On January 26, 2022, a federal grand jury issued a two-count indictment charging Jones with possession of a firearm and ammunition by a prohibited person

3

in violation of 18 U.S.C. § 922(g)(8) and possession of a firearm in a school zone in violation of 18 U.S.C. § 922(q)(2)(A). ROA.11. On March 28, 2022, Jones pled guilty to both counts of the indictment. ROA.25. At the conclusion of the proceeding, the district court ordered the preparation of a presentence investigation report (PSR). ROA.25.

When the final PSR was released to the parties, it proposed a base offense level of 20 pursuant to USSG § 2K2.1(a)(4)(B) because Jones was a prohibited person at the time of the commission of the offense and the firearm had the capability of accepting a high-capacity magazine. ROA.159. The PSR also proposed a four offense level enhancement under USSG § 2K2.1(b)(6)(B) because Jones possessed the firearm in connection with another felony offense. ROA.159. Finally, the PSR recommended a three-offense level decrease for timely acceptance of responsibility under USSG § 3E1.1. ROA.159. Under this scenario, Jones' total offense level equaled 21. ROA.159.

With regard to his criminal history, the PSR revealed Jones had no criminal history points. ROA.160. However, it showed that he had four unrelated pending charges relating to domestic abuse battery and that protective orders had issued in each case. ROA.160-161.

The intersection of offense level 21 and criminal history category I resulted in an advisory Guideline range of 37 - 46 months. ROA.168. But, the PSR also suggested that an above guideline sentence might be appropriate under USSG §§ 4A1.3(a)(2)(E), 5K2.6 and 5K2.14. ROA.170-171,

At sentencing, the district court adopted the factual findings and legal conclusions of the PSR, noting that the applicable advisory guideline range was 36 – 47 months. ROA.85. Nevertheless, it departed upward under USSG § 4A.1.3 and USSG § 5K2.14 and imposed a 72-month sentence as to Count 1 and a consecutive 6 month sentence as Count 2 for a total term of 78 months of imprisonment. ROA.88.

The district court ordered its sentence to run concurrently with an anticipated, related state court sentence, but consecutively to the other pending state court sentences that were not part of the relevant conduct of the federal charges. ROA.89. The district court also ordered a three-year term of supervised release and imposed a special assessment of $200.00. ROA.89. As a special condition of supervised release, the district court ordered Jones to submit to drug testing and to participate in a substance abuse treatment program. ROA.90. At the close of the proceedings, Jones objected to the upward departure. ROA.91. This appeal ensued.

## SUMMARY OF THE ARGUMENT

The district court departed upward from Jones' correctly calculated advisory guideline range of 37 – 46 months and imposed a total 78-month sentence. The district court based its upward departure on the provisions of USSG §§ 4A1.3 and 5K2.14.  In arriving at the defendant's sentence, the district court failed to properly balance the sentencing factors set forth in 18 U.S.C. § 3553(a) by giving inordinate weight to pending domestic abuse battery charges, which had not ripened into convictions. As a result, the district court's sentence was substantively unreasonable.

While passing sentence, the district court also imposed a special condition of supervised release which requires Jones to submit to drug testing and outpatient substance abuse treatment.  This restriction is unreasonable because nothing in Jones' history suggests that he has abused drugs or alcohol. There is no evidence in the record that this restriction will provide any deterrent effect to possible future crimes committed by Jones, nor is it clear how it might serve to protect the public, much less aid Jones' transition back to society. As such, this restriction is unreasonable and involves a greater deprivation of Jones' liberty than is necessary. The condition requiring drug testing and substance abuse treatment should be vacated for plain error.

6

**ARGUMENT**

**I.  The district court abused its discretion when it departed upward from the advisory guideline range and imposed a total 78-month sentence of imprisonment.**

### A.  The Standard of Review

This Court reviews sentences inside and outside the advisory Guidelines range for reasonableness under the abuse of discretion standard of review. *Gall v. United States,* 128 S.Ct. 586, 597 (2007).   This review occurs in two stages. *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).  First, the court must ensure that the district court did not err procedurally in imposing sentence. *Id.* If the sentence is procedurally proper, the court engages in a substantive review based on the totality of the circumstances. *Id.*   When reviewing an upward departure, a sentencing court does not abuse its discretion when the reasons for doing so advance the objectives of 18 U.S.C. § 3553(a) and are justified by the facts. *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006).

### B.  Discussion

This case, like every case where a term of imprisonment is imposed, must ultimately account for Congress' command under 18 U.S.C.  §  3553(a) that a

sentence should be "sufficient, but not greater than necessary" to achieve the goals set forth in the statute.

This appeal asserts that the district court erred when it determined that a 78 month sentence would be sufficient but not greater than necessary to accomplish the goals set forth in § 3553(a). Jones contends that a within-guideline sentence would have satisfied Congress' sentencing goals. As shown more fully below, the 78-month term of imprisonment imposed by the district court arose as a result of its erroneous balancing of the § 3553(a) factors.

When selecting a particular sentence, a district court is required "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue (internal quotation marks omitted)." *Gall v. United States*, 128 S.Ct. 586, 598 (2007)

The correctly calculated advisory guideline in this case was 37 to 46 months. But, the district court doubled the guideline range and imposed a 78 month sentence. In doing so, the district court gave undue weight to the issuance of protective orders and unadjudicated charges pending against Jones. While the conduct alleged against Jones in the unadjudicated charges was undeniably serious, none of the alleged facts were yet proven in a criminal court. Not a single charge had ripened into a

conviction. Yet, the district court treated them as established facts rather than mere allegations.

The district court's reasons for departing upward do not advance the objectives set forth in 18 U.S.C. § 3553(a) and are not justified by the facts of the case. See, *United States v. Zuniga-Peralta*, 442 F.3d 345, 347–48 (5th Cir. 2006). Accordingly, the district court abused its discretion when it departed upward and imposed a statutory maximum sentence.

## II.    The district court plainly erred by imposing a condition of supervised release which requires Mr. Jones to submit to drug testing and participate in substance abuse treatment.

### A.    Standard of Review

Generally, this court reviews the imposition of discretionary conditions of supervised release under a deferential abuse-of-discretion standard. *United States v. Rodriguez*, 558 F.3d 408, 412 & n. 3 (5th Cir. 2009). However, the court reviews the condition for plain error when the defendant fails to object to the special condition. *United States v. Bishop*, 603 F.3d 279, 280 (5th Cir. 2010). To establish plain error, Even if those conditions are met, this Court has the discretion to remedy the error

9

only if it seriously affects the fairness, integrity or public reputation of judicial proceedings. *Id.* at 550.

## B.     Discussion.

A district court has broad discretion to impose terms and conditions of supervised release. *United States v. Paul*, 274 F.3d 155, 164-65 (5th Cir. 2001). This broad discretion is constrained, however, by the limits of certain criteria set forth in 18 U.S.C. § 3583(d).  One of the fundamental criteria in § 3583(d) is that special conditions of supervised release must be reasonably related to the factors set forth in 18 U.S.C. § 3553(a)(1). "These factors include: (1) 'the nature and circumstances of the offense and the history and characteristics of the defendant,' (2) the need 'to afford adequate deterrence to criminal conduct,' (3) the need 'to protect the public from further crimes of the defendant,' and (4) the need 'to provide the defendant with needed [training], medical care, or other correctional treatment in the most effective manner.'" USSG § 5D1.3(b); see also *United States v. Paul*, 274 F.3d 155, 164-65 (5th Cir. 2001). Conditions of supervised release cannot involve a greater deprivation of liberty than is reasonably necessary to achieve these enumerated goals.

This Court has addressed this issue in a previous case. In *United States v. Gordon*, 838 F.3d 597 (5th Cir. 2016), this Court vacated a special condition requiring mental health treatment for the defendant. In that case, there was no evidence suggesting that the defendant needed mental health treatment. The Court saw no reasonable relationship between the special condition and the statutory §3553 factors. The Court found that requiring the defendant to suffer the costs, stigma, and inconvenience of mental health treatment affected his substantial rights and constituted a greater deprivation of liberty than was necessary. *Id.* at 605. As a result, the *Gordon* panel found that the imposition of the sentence constituted plain error and vacated the condition requiring Gordon to receive mental health treatment. *Id.*

Like *Gordon*, the condition requiring Jones to submit to drug testing and substance abuse treatment constitutes plain error. The record is devoid of evidence suggesting that Jones needs substance abuse treatment. He reports no history of alcohol or drug abuse. ROA.165. There is nothing in this record to indicate that treatment is required for deterrence, rehabilitation, or community protection. Given the lack of evidence to suggest that Jones needs substance abuse treatment, the special condition requiring it cannot be said to fulfill the goals of § 3553(a) as set forth in USSG § 5D1.3(b) and, as such, involves a greater deprivation of liberty than necessary. The deprivation of liberty affects Jones substantial rights and this Court

should exercise its discretion to correct the error.  The district court plainly erred in

imposing a requirement that Jones submit to drug testing and treatment while he

serves his term of supervised release.

## CONCLUSION

For all of the foregoing reasons, appellant Montrelle D. Jones prays that this

Court vacate the district court's sentence and remand his case to the district court.

Respectfully submitted,

*s/  Betty L. Marak*

Betty L. Marak, LSBA #18640
Assistant Federal Public Defender
Western and Middle Districts of Louisiana
300 Fannin Street, Ste. 2199
Shreveport, Louisiana 71111
(318) 676-3310   Fax: (318) 676-3313
E-mail: betty_marak@fd.org

## CERTIFICATE OF SERVICE

I hereby further certify that a digital copy of the above and foregoing Original Brief for the Appellant has been served as a result of its electronic filing with the Clerk of Court's CM/ECF system on counsel for the Government, AUSA Camille Domingue.

I further certify that: 1) required privacy redactions have been made; 2) the electronic submission is an exact copy of the paper document; and 3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program.

Shreveport, Louisiana, on this 3rd day of January, 2023.


s/ *Betty L. Marak*

_____

Assistant Federal Public Defender

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements.

1.   This brief complies with the page limitation of  Fed.R.App.P.  28.1(e)(2) because this brief is **2,998** words and does not exceed 13,000 words.

2.   This brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5) because it is prepared in a proportionally spaced typeface using Microsoft Word 365 in Times New Roman typeface with a 14-point font.

3.   The undersigned understands that a material representation in completing this certificate, or circumvention of the type-volume limits in Fifth Circuit Rule 32.2.7, may result in the Court's striking the brief and imposing sanctions against the undersigned counsel.

*s/ Betty L. Marak*

_____

Attorney for Appellant-Movant

Dated: January 3, 2023